IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRIS A. HICKS, | |
| Petitioner, | **8:21CV411** |
| vs. | |
| ROB JEFFREYS, Director of the Nebraska Department of Correctional Services; | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner Chris A. Hicks' ("Hicks" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Filing No. 1.  Also before the Court is Hicks' motion seeking to dismiss several of his habeas claims.  Filing No. 30. Respondent argues that the petition must be dismissed because Hicks' habeas claims are procedurally defaulted.  For the reasons that follow, the Court will deny the relief requested in the petition, dismiss this matter with prejudice, and deny Hicks' motion to dismiss as moot.

## I.  RELEVANT PROCEDURAL AND FACTUAL HISTORY

In 2017, Hicks was charged with thirteen separate felonies: four counts of possession with intent to distribute marijuana, a Class IIA felony (Counts I through IV and XII); seven counts of possession of a deadly weapon by a prohibited person, a Class ID felony (Counts V through XI); and one count of failure to affix tax stamp, a Class IV felony (Count XIII).  Filing No. 8-12 at 2–5.  The charges arose from a controlled buy that occurred on June 12, 2017, in Omaha, Nebraska.  During the controlled buy, which was videotaped by law enforcement, Hicks exchanged a quantity of marijuana for multiple firearms.  Hicks had a prior felony conviction.  Filing No. 8-14 at 13–14.

Hicks was initially represented by counsel, but he later waived his right to counsel and entered into a plea agreement with the State. *Id*. at 4–5. Hicks pleaded no contest to two counts of possession of a deadly weapon by a prohibited person, both Class ID felonies, in exchange for the State dismissing the remaining eleven offenses charged. Filing No. 8-12 at 41. Hicks received a sentence of 20 to 24 years in prison for each count, the two sentences to run consecutively with 536 days of credit for time served. *Id*. at 42–43.

Hicks, with new counsel, filed a direct appeal, asserting his sentence was excessive. Filing No. 8-1; Filing No. 8-4 at 4. The Nebraska Court of Appeals granted the State's motion for summary affirmance, concluding the trial court did not abuse its discretion by imposing an excessive sentence. Filing No. 8-1 at 3. The Nebraska Supreme Court denied Hicks' petition for further review on July 10, 2019. *Id*. at 4.

On June 1, 2020, Hicks timely filed a motion for postconviction relief, Filing No. 8-13 at 2–29, and he filed an amended motion for postconviction relief on August 11, 2020, *Id*. at 46–76. As relevant to his habeas petition, Hicks alleged in his amended motion that he had received ineffective assistance of appellate counsel when counsel failed to (1) raise the issue of ineffective assistance of trial counsel on direct appeal, (2) inform him of the full range of potential challenges to his convictions on direct appeal, (3) raise the "multiplicity doctrine" on direct appeal, (4) raise the sufficiency of the State's factual basis to sustain Hicks' convictions, and (5) challenge the propriety of the state district court's imposition of consecutive sentences. *Id*. at 64–69. The state district court denied Hick's motion without an evidentiary hearing on September 10, 2020. *Id*. at 83–88.

Hicks timely appealed the state district court's decision. Filing No. 8-2. The Nebraska Court of Appeals affirmed the district court's ruling on August 3, 2021. *Id*. at 4; Filing No. 8-3; *see also State v. Hicks*, No. A-20-732, 2021 WL 3354272 (Neb. Ct. App. Aug. 3, 2021). In its opinion, the Nebraska Court of Appeals addressed each of Hicks' five allegations of ineffective assistance of appellate counsel and found that the state district court properly denied those allegations without an evidentiary hearing. Filing No. 8-3 at 4–10. Hicks filed a motion for rehearing on August 20, 2021, which the Nebraska Court of Appeals denied on August 27, 2021, as untimely. Filing No. 8-2 at 4.

Hicks filed a Petition for Further Review by the Nebraska Supreme Court on September 2, 2021, *Id*.; Filing No. 8-11, but he did not file a supporting brief. Instead, he filed a motion for additional time to file a supporting brief. Filing No. 12-1. On September 10, 2021, the Nebraska Supreme Court dismissed the Petition for Further Review and denied the motion for additional time to file a supporting brief. Filing No. 8-2 at 3–4. The docket text entry explains:

> Petition of Appellant for further review dismissed for lack of jurisdiction. See, Neb. Rev. Stat. § 24-1107 (Reissue 2016) (party must petition for further review within 30 days "in the manner prescribed" by Supreme Court rules); Neb. Ct. R. App. P. § 2-102(F)(1) (petition and memorandum brief must be filed within 30 days); State v. Guzman, 305 Neb. 376, 940 N.W.2d 552 (2020); Ackerman v. Nebraska Dept. of Corr. Appeals Bd., 256 Neb. 896, 593 N.W.2d 728 (1999); Lindley v. State, 117 Neb. 597, 221 N.W. 706 (1928).

*Id*. at 4. Hicks' motion to reinstate the Petition for Further Review, Filing No. 12-2 at 1-3, was denied on October 4, 2021. Filing No. 8-2 at 3–4. The case was mandated on November 9, 2021. *Id*. at 2.

3

On October 18, 2021, Hicks filed his habeas petition in this Court.  Filing No. 1. On preliminary review, the Court found Hicks alleged a potentially cognizable claim of ineffective assistance of counsel because his appellate counsel:

1)  failed to challenge Petitioner's consecutive sentences;

2)  failed to raise the ineffective assistance of trial counsel;

3)  failed to accurately inform Petitioner of potential defenses that could be raised on appeal;

4)  failed to raise the multiplicity doctrine and argue Petitioner possessed both firearms simultaneously constituting one offense under the Double Jeopardy Clause of the United States Constitution; and

5)  failed to challenge the factual basis of Petitioner's plea which set forth one incident and simultaneous possession of multiple firearms in violation of the Double Jeopardy Clause.

Filing No. 6.

Respondent filed an answer, Filing No. 9, a designation and supplemental designation of state court records, Filing No. 8; Filing No. 12, and a brief, Filing No. 10. Hicks filed a brief, Filing No. 13, and a supplemental brief, Filing No. 26, which the Court has considered.  This matter is ripe for disposition.

## II.  DISCUSSION

Respondent argues that Hicks failed to exhaust his habeas claims because he did not follow state procedural rules in presenting his claims to the Nebraska Supreme Court in a properly filed petition for further review.  Because Hicks' claims can no longer be presented in state court, Respondent argues that the claims in the petition must be dismissed as procedurally barred.  Filing No. 9 at 3, ¶ 13; Filing No. 10 at 7.  Upon careful review, the Court agrees.

4

## A.  Applicable Legal Standards

As set forth in 28 U.S.C. § 2254:

(b)(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)     the applicant has exhausted the remedies available in the courts of the State; or

    (B)     (i)     there is an absence of available State corrective process; or

        (ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim is presented to the trial court, and then on appeal to either the Nebraska Supreme Court directly[1] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska

---

[1] The Court notes that in some situations, such as where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court.  Neb. Rev. Stat. § 24-1106.

Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'"  *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).  Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted.  *Akins*, 410 F.3d at 456 n.1.

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In addition, "[t]he Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq*. (Reissue [2016 & Cum. Supp. 2024]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," but "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity."  *State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009).  "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion

6

affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *Id*. Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. *See* Neb. Rev. Stat. § 29–3001(4); *State v. Smith*, 834 N.W.2d 799, 801 (Neb. 2013).

### B.  Hicks' Habeas Claims

In his petition, Hicks alleges five claims of ineffective assistance of his appellate counsel.  Hicks raised all five ineffective assistance claims in his postconviction motion and in his appeal to the Nebraska Court of Appeals.  However, the Nebraska Supreme Court did not consider any of the five claims because Hicks failed to timely file a brief in support of his Petition for Further Review.  Due to the lack of a supporting brief, the Nebraska Supreme Court concluded it lacked jurisdiction to consider Hicks' request for further review of the Nebraska Court of Appeals' decision.  As a result, Hicks' habeas claims were not subjected to one full round of review by the Nebraska state courts.

Hicks acknowledges that the Nebraska Supreme Court dismissed his Petition for Further Review, but he claims this Court should nonetheless consider his claims because he "procedurally timely filed it to the best of his layman ability," Filing No. 13 at 3, a brief supporting the Petition for Further Review was "not pivotal to fulfill any state procedural rule," *Id*., and he requested leave to file his brief later.  Petitions for further review to the Nebraska Supreme Court must be made "in the manner prescribed by the rules of the Supreme Court," Neb. Rev. Stat. § 24-1107, and the Nebraska courts are vested with the authority to interpret their own procedural rules.  The rules clearly state: "A petition for further review *and memorandum brief in support* must be filed within 30 days after the

release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later."[2] Neb. Ct. R. App. P. § 2-102(F)(1) (emphasis added). The supporting brief defines the issues to be considered by the Nebraska Supreme Court. The Nebraska Supreme Court reviews "only the errors assigned in the petition for further review and discussed in the supporting memorandum brief." Neb. Ct. R. App. P. § 2-102(G). Although Hicks asked for leave to file a brief out of time, nothing in the Nebraska court rules provided for such an extension,[3] he had no constitutional right to be afforded that opportunity, and he has made no showing that his motion for additional time was denied for any constitutionally impermissible reason.

Hicks failed to properly file his Petition for Further Review by the Nebraska Supreme Court, and, as a result, he failed to fully exhaust review of his claims by the Nebraska courts. This Court is, therefore, procedurally barred from considering Hicks' habeas claims unless he shows cause for failing to exhaust his state court remedies and resulting prejudice.

## C. Cause and Prejudice

Hicks argues cause and prejudice excuse his procedural default because review by the Nebraska Supreme Court would have been futile. Filing No. 13 at 3. Hicks' belief that his claim had little chance of success before the Nebraska Supreme Court does not

---

[2] The Court notes that Hicks' untimely motion for rehearing filed with the Nebraska Court of Appeals did not toll the time for filing his Petition for Further Review. *See* Neb. Ct. R. App. P. § 2-113(A).

[3] While Hicks cited to Neb. Ct. R. App. P. § 2-106(E) in his motion to reinstate his Petition for Further Review as permitting an extension of a brief deadline for good cause, *see* Filing No. 12-2 at 2, that rule applies to extensions of the deadline for the appellant's or appellee's initial briefs and is inapplicable to petitions for further review. As the Nebraska court rules provide for brief extensions in specific circumstances, such as motions for rehearing, *see* Neb. Ct. R. App. P. § 2-113(A), the absence of any provision for an extension of the deadline for filing a brief in support of a petition for further review is a clear indication that such extensions are not permitted.

establish cause for failing to try. "'[P]erceived futility alone cannot constitute cause.'" *Smith v. Murray,* 477 U.S. 527, 535 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 130 (1982)); *see also Tippett v. Wyrick,* 680 F.2d 52, 54 (8th Cir. 1982).

Hicks also claims there is sufficient cause to excuse any procedural default because he moved for additional time to submit a brief in support of his Petition for Further Review. Filing No. 13 at 4. But, Hicks points to no reason other than his own action (or inaction) as the reason for failing to file a brief with his Petition for Further Review, particularly where Hicks was able to file a brief in support of his untimely motion for rehearing before the Nebraska Court of Appeals twelve days prior to filing his Petition for Further Review. *See* Filing No. 8-10 at 2–6. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). The Court finds Hicks' own conduct is insufficient cause to excuse his procedural default.

## D. Fundamental Miscarriage of Justice

Since Hicks has not established "cause and prejudice" sufficient to excuse his procedural default, he "may obtain review of his constitutional claims only if he falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (internal quotation marks and citation omitted). The miscarriage of justice exception requires a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup*, 513 U.S. at 327). Hicks must show he did not commit the crime underlying his conviction, not

9

merely that he has legal basis to set aside a conviction for a crime he committed. *Narcisse v. Dahm*, 9 F.3d 38, 40 (8th Cir. 1993).

Here, Hicks presents an argument of legal innocence, essentially claiming that no reasonable juror would have convicted him for the two counts of possession of a deadly weapon by a prohibited person because the factual basis for his pleas showed that he was in possession of both firearms simultaneously. Filing No. 13 at 4. Hicks' argument is basically an extension of his claim that appellate counsel was ineffective in failing to raise the "multiplicity doctrine" on appeal, which the Nebraska Court of Appeals specifically addressed in Hicks' postconviction appeal and rejected on the merits. Filing No. 8-3 at 7–9. Regardless of its doubtful merits, Hicks' legal innocence argument cannot support application of the miscarriage of justice exception.

Nor has Hicks presented any evidence or argument to support a finding of actual innocence. At the outset of the state criminal proceedings, Hicks faced thirteen state felony charges. He ultimately pleaded no contest to two charges in exchange for dismissal of the remaining eleven charges. As to the charges for which he pleaded no contest, the record shows Hicks, a convicted felon, participated in a controlled buy wherein he distributed marijuana in exchange for multiple firearms. The evidence supporting the case against Hicks included a video of the controlled buy. Thus, the facts contained in the record support Hicks' convictions on two charges of possession of a deadly weapon by a prohibited person. Hicks has failed to show his procedurally defaulted habeas claims must be considered to avoid a fundamental miscarriage of justice.

10

### E. Conclusion

In summary, Hicks' habeas claims are procedurally defaulted because he failed to present them through one complete round of review in the Nebraska state courts. The Court, therefore, is barred from reviewing his claims unless he shows cause and prejudice sufficient to excuse his procedural default. Hicks has failed to do so. Hicks also has failed to show he is actually innocent and that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, Hicks' federal habeas petition must be dismissed with prejudice. In light of the Court's conclusion, Hicks' motion to dismiss several of his habeas claims as "frivolous," Filing No. 30, is denied as moot.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). This Court cannot grant such a certificate unless Hicks "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that, Hicks must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon careful review, Hicks has not made that showing, and this Court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED:

1.      Hicks' petition, Filing No. 1, is denied and dismissed with prejudice.

2.      The Court will not issue a certificate of appealability in this matter.

11

3.    The Court will enter a separate judgment.

4.    Hicks' pending motion to dismiss certain habeas claims, Filing No. 30, is denied as moot.

Dated this 31st day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge